IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK AGUIAR,

      Plaintiff,                      No. CIV S-11-1496 DAD P

      vs.

J. BURT,

      Defendant.                 <u>ORDER</u>

_____/

      Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has neither paid the filing fee for this action nor filed an application to proceed in forma pauperis.

      The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

      In this case, the defendant is located and the claim arose in Riverside County, which is in the Central District of California. Therefore, plaintiff's claim should have been filed

1

1  in the United States District Court for the Central District of California.  In the interest of justice,
2  a federal court may transfer a complaint filed in the wrong district to the correct district.  <u>See</u> 28
3  U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).
4        Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the
5  United States District Court for the Central District of California.
6  DATED: June 14, 2011.

                                          _____
                                          DALE A. DROZD
                                          UNITED STATES MAGISTRATE JUDGE

11  DAD:12mp
    agui1496.21a